IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                     3:11-cv-06113-PK

           Plaintiff,                    ORDER

v.

DEAN M. YOUNGQUIST,

           Defendant.


**BROWN, Judge.**

Magistrate Judge Paul Papak issued Findings and

Recommendation (#69) on April 17, 2013, in which he recommends

the Court grant Plaintiff's Motion (#57) for Summary Judgment and

deny Defendant's Motion (#61) to Strike Exhibit 9 in Support of

Plaintiff's Motion for Summary Judgment.  Defendant filed timely

1 - ORDER

Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## I.   Portions of the Findings and Recommendation to which Defendant does not object.

Defendant does not object to the portions of the Findings and Recommendation in which the Magistrate Judge recommends the Court deny Defendant's Motion (#61) to Strike.  The Court, therefore, is relieved of its obligation to review the record *de novo* as to this portion of the Findings and Recommendation. *Shiny Rock Min. Corp v. U.S.*, 825 F.2d 216, 218. (9th Cir. 1987). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983).

Having reviewed the legal principles *de novo*, the Court does not find any error in this portion of the Findings and Recommendation.

## II.   Portions of the Findings and Recommendation to which Defendant objects.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

In his Objections Defendant argues (1) the Magistrate Judge

2 - ORDER

relied upon an erroneous standard when he determined Defendant did not meet his burden to establish that a genuine dispute of material fact exists that precludes summary judgment; (2) the Magistrate Judge erred when he ignored Defendant's sworn statements; and (3) the Magistrate Judge erred when he rejected Defendant's aggregate basis theory.

After reviewing the record, the Court finds the Magistrate Judge did not err when he determined Defendant did not meet his burden to establish that a genuine dispute of material fact exists that precludes summary judgment.

The Court also finds the Findings and Recommendation do not support Defendant's contention that the Magistrate Judge ignored Defendant's sworn statements.  In fact, the Magistrate Judge specifically stated he "accepted [Defendant's] testimony as true insofar as it goes."  Findings and Recommendation at 15.

The Court also finds Defendant has failed to provide any authority to support his contention that the Magistrate Judge erroneously rejected Defendant's aggregate basis theory and that the Magistrate Judge erred in his analysis.

In the remainder of his Objections, Defendant merely reiterates the arguments contained in his Response (#62) to Plaintiff's Motion for Summary Judgment.

In summary, this Court has carefully considered Defendant's Objections and concludes they do not provide a basis to modify

3 - ORDER

the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.


                              **CONCLUSION**

     The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#69) and, accordingly, **GRANTS** Plaintiff's Motion (#57) for Summary Judgment and **DENIES** Defendant's Motion (#61) to Strike Exhibit 9 in Support of Plaintiff's Motion for Summary Judgment.

     The Court directs Plaintiff to file a declaration by July 20, 2013, to update the tax-assessment figures to reflect the abatement of $601,612.50 as detailed in the Findings and Recommendation and to update all assessment figures as of the date of judgment.  Following that update, the Court will enter a final judgment.

     IT IS SO ORDERED.

     DATED this 20th day of June, 2013.


                              /s/ Anna J. Brown

                              _____
                              ANNA J. BROWN
                              United States District Judge




4 - ORDER